NORMAN W. SHORES *vs.* WILLIAM J. CARLEY & others.

A man has no interest as tenant by the curtesy in land which his wife owns in remainder or reversion, subject to a life estate; and he can convey no title thereto, which will be valid against a subsequent levy thereon of an execution against him and his wife.

WRIT OF ENTRY, brought June 8th 1863, to recover possession of a parcel of land from William J. Carley, Jr., Elizabeth Carley, his wife, and William J. Carley.

At the trial in the superior court, before *Morton, J.,* it appeared that Elizabeth became the owner of the reversion of an undivided portion of the premises before her marriage, and that in 1856, after her marriage, she became the owner of the reversion of the residue, the whole premises being subject to a life estate in Elijah Carley. In March 1860 William J. Carley, Jr. conveyed his alleged interest in the premises to William J. Carley. In June 1861 the demandant duly levied upon the premises an execution against William J. Carley, Jr. and Elizabeth. In March 1863 Elijah Carley died. The judge ruled that this action could not be maintained, because of the deed from William J. Carley, Jr. to William J. Carley, and directed a verdict for the tenants, which was accordingly rendered. The demandant alleged exceptions.

*I. Sumner,* for the demandant.

*J. E. Field,* (*M. Wilcox* with him,) for the tenants.

BIGELOW, C. J. There are no facts stated in these exceptions which tend to show that the demandant did not acquire a good title to the demanded premises under the levy of his execution, or that he had not a right of entry therein on the day when this action was brought. His execution was against William J

Carley, Jr. and Elizabeth Carley, his wife, who was entitled to the whole estate on the death of her father. Her interest therein, at the date of the levy, whether in remainder or reversion, was liable to be seized on execution; Gen. Sts. *c.* 103, § 1; and it was duly set off to the demandant, subject to the life estate of her father. On her father's death, the demandant had a right of immediate entry under his levy. The conveyance by the husband of Elizabeth prior to the levy passed no title to his grantee. He then had no right or interest in the premises which could be conveyed by him. The only interest which he could have in any land held by his wife would be that of tenant by the curtesy. But this interest he could not acquire in the demanded premises during the continuance of the life estate therein of her father. The rule of law is well settled that a man cannot be tenant by the curtesy of a remainder or reversion. Co. Litt. 29 *a.* 3 Preston on Abstracts of Title, 382. *Stoddard* v. *Gibbs,* 1 Sumner, 263. The reason of the rule is, that in such case one of the essential elements of a title by curtesy is wanting. The seisin of the wife must be a seisin in deed, that is, an actual seisin or possession of the estate, to give the husband a right by curtesy. There can be no such seisin of a reversion or remainder, expectant on the termination of a freehold estate in another. Of such an estate, the wife can have only a seisin in law, or constructive seisin. It follows, that at the time of the conveyance of the demanded premises by the husband of Elizabeth, he had acquired no interest in the estate which could pass by his deed, and there was no outstanding estate or right in his grantee which could operate to prevent the maintenance of this action.

*Exceptions sustained.*